**ELLIS D. TAYLOR, INC., Plaintiff,**

v.

**CRAFT BUILDERS, INC., Defendant.**

Court of Chancery of Delaware.

New Castle.

Dec. 1, 1969.

David A. Eastburn and Edmund J. Bodziak, Wilmington, for Ellis D. Taylor, Inc., plaintiff.

Arthur J. Sullivan, of Morris, James, Hitchens & Williams, Wilmington, for Fidelity & Deposit Co. of Maryland.

DUFFY, Chancellor:

Ellis D. Taylor, Inc., a Delaware corporation, sued Craft Builders, Inc., a Delaware corporation, for specific performance of a contract under which Craft agreed to buy land in Delaware from Taylor. Specific performance was ordered in this court and affirmed on appeal, Del.Super., 254 A.2d 233 (1969). After filing the notice of appeal, Craft gave bond in the amount of $5,000 pursuant to Supreme Court Rule 22, Del.C.Ann. and Chancery Rule 62, Del.C.Ann. and secured a stay of the order. Fidelity & Deposit of Maryland was surety on the bond.

After notice and demand Craft failed to perform the contract and thus did not comply with the order of this court. Taylor then moved to forfeit the bond. After some delay the surety appeared and opposed the motion. The present question is one of liability on the bond: Is Taylor entitled to an order on the surety directing payment of the $5,000? Or must it first prove damages? This is the decision thereon after briefing.

**A.**

A preliminary question concerns the subject matter jurisdiction of this court. The surety argues that the court does not

have jurisdiction because there is an adequate remedy at law.[1]

There is a remedy at law by an action on an appeal bond given in a Chancery case. See Town of Seaford v. Eastern Shore Public Service Co., 2 Terry 438, 41 Del. 438, 24 A.2d 436 (1942). But it does not necessarily follow that this court is without jurisdiction. On the contrary I am satisfied that there is jurisdiction under the ancient principle restated in 27 Am.Jur.2d Equity § 109.

"It is undoubtedly the general rule that when equity takes jurisdiction of a case, it will draw to itself all matters necessary to a final disposition of, the controversy. All issues and questions that may arise in the course of litigation may be determined by a court of equity as ancillary or incidental to the jurisdiction acquired by it over the case, although the connected matters would not of themselves form a primary subject for equitable interference."

That was the rationale upon which this court took jurisdiction in a somewhat similar situation. Virden v. Board of Pilot Com'rs, 8 Del.Ch. 1, 67 A. 975 (1896).[2] See also Pomeroy's Equity Jurisprudence (5 ed.) § 239a, 242.

The bond in question was offered in this court, it was approved by this court, it is filed here, all the parties are here,

the litigation which gave rise to the bond is here. And certain facts basic to the litigation are undoubtedly germane to the damage issue under the bond. In short, all matters necessary to a final disposition of the controversy are here and it makes no sense to require plaintiff under these circumstances, to begin a new action in a new court to recover on a bond filed in active litigation here.

Taylor argues that Rule 65.1 establishes equity jurisdiction.[3] But the rules can only be used to invoke a jurisdiction, which already exists. They cannot create subject matter jurisdiction.[4] But the Rule does state the procedure on which *personam* jurisdiction is based, that is, on motion without a new action or the issuance of process.

In sum, subject matter jurisdiction is here because of the court's ancillary or incidental jurisdiction, and *personam* jurisdiction over the surety follows from compliance with the Rule.

I turn now to the merits of the motion.

B.

The condition of the bond provides as follows:

"The condition of this obligation is such that if Craft Builders, Inc., defendant in Civil Action No. 2455 in the Court of

1. 10 Del.C. § 342 provides:
   "The Court of Chancery shall not have jurisdiction to determine any matter wherein sufficient remedy may be had by common law, or statute, before any other court or jurisdiction of this State."

2. Compare Anzilotti v. Andrews Construction Co., 35 Del.Ch. 280, 115 A.2d 493 (1955) and Cohen v. Markel, 35 Del.Ch. 115, 111 A.2d 702 (1955).

3. Rule 65.1 states:
   "Whenever these rules require or permit the giving of security by a party, and security is given in the form of a bond or stipulation or other undertaking with one or more sureties, each

surety submits himself to the jurisdiction of the court and irrevocably appoints the Register in Chancery as his agent upon whom any papers affecting his liability on the bond or undertaking may be served. His liability may be enforced on motion without the necessity of an independent action. The motion and such notice of the motion as the court prescribes may be served on the Register in Chancery, who shall forthwith mail copies to the sureties if their addresses are known."

4. Rule 82 states:
   "These rules shall not be construed to extend or limit the jurisdiction of the Court of Chancery or to affect the venue of actions therein."

Chancery of the State of Delaware, shall prosecute its appeal with effect and assume all damages and costs if it fails to make good its appeal, and shall discharge such judgment as may be rendered herein and pay such damages as plaintiff, Ellis D. Taylor, Inc., may suffer by reason of said appeal, then this obligation shall be void, otherwise to be and remain in full force and effect."

Taylor argues that the failure of Craft to comply with the order of specific performance makes the surety liable for the full amount of the bond in accordance with its provisions. It says that the phrase "* * * and shall discharge such judgment as may be rendered herein * * *" is controlling: the judgment directs performance, performance has not been made, the judgment has not been discharged, liability is therefore fixed. The surety has a different view; it argues that the operative phrase in the bond is the obligor's duty to "assume all damages" and liability for a specific amount does not arise until the obligee shows what damages it has sustained.

■ Taylor's application is, of course, based on a supersedeas bond. A supersedeas is a suspension of the power of a lower court to issue an execution on the judgment or decree appealed. Hovey v. McDonald, 109 U.S. 150, 3 S.Ct. 136, 27 L.Ed. 888 (1883); 4 Am.Jur.2d, Appeal and Error, § 364. The Delaware Constitution provides that in such proceedings "sufficient security" is to be given to pay the "condemnation money" or "otherwise abide the decree in appeal," if the appellant "fails to make his plea good.[5] Stays in equity are governed by Supreme Court Rule 22, which provides that this Court "may, as a condition of granting a stay, impose such terms and conditions, in addition to the requirement of indemnity, as may appear appropriate." [6]

■ I turn now to the bond given by Craft. It is conditioned on prosecution of the appeal "with effect," which simply means "with success." Town of Seaford v. Eastern Shore Public Service Co., supra. Next, it obliges Craft to "assume all damages and costs" which means to "pay" such damages as Taylor suffers by reason of the appeal. And the obligation to "pay such damages" is repeated in those specific words. This latter addition is but a redundancy and serves no independent purpose. Craft argues, in effect, that all of this is made meaningless by the condition obliging Craft to "discharge such judgment as may be rendered." That language, however, fixes the duty; it is not the beginning and ending of the amount of money which must be paid to discharge that duty. In short, under the bond given by Craft the surety has an obligation to pay all damages (up to $5,000) which Taylor proves.

This is the only conclusion reasonably possible under our law because in fixing

5. Art. 4, § 24 of the Constitution, Del.C. Ann., states:

"Whenever a person, not being an executor or administrator, appeals or applies to the Supreme Court for a writ of error, such appeal or writ shall be no stay or proceedings in the court below unless the appellant or plaintiff in error shall give sufficient security to be approved by the court below or by a judge of the Supreme Court that the appellant or plaintiff in error shall prosecute respectively his appeal or writ to effect, and pay the condemnation money and all costs, or otherwise abide the decree in appeal or the judgment in error, if he fails to make his plea good."

6. Supreme Court Rule 22(2) provides in part:

"* * * Stays of proceedings in equity in connection with appeals to this Court may be granted in the discretion of the court below, whose decision after an appeal has been taken, shall be reviewable by this Court or any justice thereof on application after notice to the opposing party. The court below, or this Court, may, as a condition of granting a stay, impose such terms and conditions, in addition to the requirement of indemnity, as may appear appropriate in the circumstances. * * *"

the amount of a supersedeas bond a Delaware court, absent special circumstances, is fixing a *res* out of which damages may be obtained, and is not fixing a liquidated amount of damages payable on failure to perform. I say this for several reasons.

First, a fair reading of the Supreme Court Rule 22(4)(b), which specifies the criteria for the amount of bond shows that "indemnity" and "damages" are the appropriate tests.[7] Second, the last sentence of that Rule probably governs this bond and it is confined to "costs and damages." 5B C.J.S. Appeal & Error § 2008. Third, in the only reported Delaware case I have found, Town of Seaford v. Eastern Shore Public Service Co., supra, the Court treated the action on a supersedeas bond as one for damages. Fourth, any other view would probably regard the issue in "forfeiture" terms. Fifth, if the result were otherwise the court, when fixing the amount of bond, would have to determine with precision and before the facts, the exact amount of liquidated damages or forfeiture money. See also 9 A.L.R.3d 330, Annot., Supersedeas Bond, Damages.

Order on notice.

---

7. Rule 22(4) (b) provides:
   "In civil causes the form of the bond shall bind the principal obligor to prosecute his appeal or writ to effect, according to law and the rules of this Court, and pay the condemnation money and all costs, or otherwise abide the decree in appeal or the judgment in error, if he fails to make his plea good. In cases involving a judgment or decree for the recovery of money not otherwise secured the indemnity shall be for the whole amount of the judgment or decree, including just damages for delay and costs and interest on the appeal. In cases where the property in controversy necessarily follows the suit, as in real action and replevin, and in suits on mortgages, or where the property is in the custody of the sheriff, or where the proceeds thereof, or a bond for the value thereof, is in the custody of the court, indemnity will be required only in amount sufficient to secure the sum recovered for the use and detention of the property, and the costs of suit and just damages for delay, and costs and interest on the appeal. In all other cases the condition of such bond shall require the appellant to prosecute the appeal to effect and to pay any and all costs and damages if he fail to make his plea good with such other condition or conditions, if any, as may be appropriate to the circumstances of the case."